**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

KRISTINA MARTINEZ, as
Personal Representative of the
ESTATE OF REX CORCORAN,
JR., deceased and YVONNE
SCHMITT,

        Plaintiffs,

v.                                                                No. _____

SANTA FE COUNTY ADULT CORRECTIONAL
FACILITY; BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF
SANTA FE; WARDEN DEREK WILLIAMS, in
his official and individual capacities; LIEITENANT
OSCAR ROJAS, in his individual capacity;
LIEUTENANT DEMETRIO PADILLA, in his
individual capacity; OFFICER SANTIAGO
TRUJILLO, in his individual capacity; SERGEANT
G. GALLEGOS, in his individual capacity;
SERGEANT A. ORTEGA, in his individual
capacity; CORPORAL CHRISTOBAL
GALLEGOS, in his individual capacity;
SERGEANT BENNY ATENCIO, in his individual
capacity; DR. MELQUIADES OLIVARES, in his
individual capacity; RHIANNA MANZANARES,
in her individual capacity; TERRY DAVIS, RN, in
her individual capacity; DEANNE MARES, in her
individual capacity; JUDY LNU, in her individual
capacity; JOHN DOE(S), in their individual
capacities; JANE DOE(S), in their individual
capacities,

        Defendants.

**ANSWER TO PLAINTIFFS' COMPLAINT FOR VIOLATIONS OF THE
NEW MEXICO WRONGFUL DEATH ACT, THE NEW MEXICO TORT
<u>CLAIMS ACT, NEW MEXICO COMMON LAW AND 42 U.S.C. § 1983</u>**

Terry Davis, R.N., through counsel of record, Miller Stratvert P.A. (Matthew S.

Rappaport), hereby answers Plaintiffs' Complaint for Violations of the New Mexico Wrongful

Death Act, the New Mexico Tort Claims Act, New Mexico Common Law, and 42 U.S.C. § 1983, which was filed November 5, 2021.  Ms. Davis for her Answer states:

## PARTIES

1.      Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint and therefore denies the same.

2.      Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint and therefore denies the same.

3.      Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' Complaint and therefore denies the same.

4.      Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiffs' Complaint and therefore denies the same.

5.      Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiffs' Complaint and therefore denies the same.

6.      Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiffs' Complaint and therefore denies the same.

7.      Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint and therefore denies the same.

8.      Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint and therefore denies the same.

9.      Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint and therefore denies the same.

10.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' Complaint and therefore denies the same.

11.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint and therefore denies the same.

12.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint and therefore denies the same.

13.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiffs' Complaint and therefore denies the same.

14.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' Complaint and therefore denies the same.

15.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Complaint and therefore denies the same.

16.     Ms. Davis denies that she was an employee of Santa Fe County.  Ms. Davis admits that she resides in Santa Fe County, New Mexico.  Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 16 of Plaintiff's Second Amended Complaint and therefore denies the same.

17.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiffs' Complaint and therefore denies the same.

18.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiffs' Complaint and therefore denies the same.

19.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiffs' Complaint and therefore denies the same.

20.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiffs' Complaint and therefore denies the same.

## JURISDICTION AND VENUE

21.     Ms. Davis denies the allegation contained in Paragraph 21 of Plaintiffs' Complaint.

22.     Ms. Davis denies the allegation contained in Paragraph 22 of Plaintiffs' Complaint.

23.     The statement contained in Paragraph 23 of Plaintiffs' Complaint is an assertion of law rather than a factual allegation requiring a response. To the extent that Paragraph 23 asserts any allegations against Ms. Davis, those are denied.

24.     The statement contained in Paragraph 24 of Plaintiffs' Complaint is an assertion of law rather than a factual allegation requiring a response. To the extent that Paragraph 24 asserts any allegations against Ms. Davis, those are denied.

25.     The statement contained in Paragraph 25 of Plaintiffs' Complaint is an assertion of law rather than a factual allegation requiring a response. To the extent that Paragraph 25 asserts any allegations against Ms. Davis, those are denied.

## ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

26.     Ms. Davis incorporates her preceding answers as though stated fully herein.

27.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiffs' Complaint and therefore denies the same.

28.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiffs' Complaint and therefore denies the same.

29.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiffs' Complaint and therefore denies the same.

30. Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiffs' Complaint and therefore denies the same.

31. Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiffs' Complaint and therefore denies the same.

32. Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiffs' Complaint and therefore denies the same.

33. Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiffs' Complaint and therefore denies the same.

34. Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiffs' Complaint and therefore denies the same.

35. Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiffs' Complaint and therefore denies the same.

36. Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiffs' Complaint and therefore denies the same.

37.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiffs' Complaint and therefore denies the same.

38.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiffs' Complaint and therefore denies the same.

39.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiffs' Complaint and therefore denies the same.

40.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiffs' Complaint and therefore denies the same.

41.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiffs' Complaint and therefore denies the same.

42.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiffs' Complaint and therefore denies the same.

43.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiffs' Complaint and therefore denies the same.

44.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiffs' Complaint and therefore denies the same.

45.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiffs' Complaint and therefore denies the same.

46.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiffs' Complaint and therefore denies the same.

47.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiffs' Complaint and therefore denies the same.

48.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiffs' Complaint and therefore denies the same.

49.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiffs' Complaint and therefore denies the same.

50.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiffs' Complaint and therefore denies the same.

51.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of Plaintiffs' Complaint and therefore denies the same.

52.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiffs' Complaint and therefore denies the same.

53.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiffs' Complaint and therefore denies the same.

54.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiffs' Complaint and therefore denies the same.

55.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiffs' Complaint and therefore denies the same.

56.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiffs' Complaint and therefore denies the same.

57.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiffs' Complaint and therefore denies the same.

58.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiffs' Complaint and therefore denies the same.

59.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiffs' Complaint and therefore denies the same.

60.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiffs' Complaint and therefore denies the same.

61.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of Plaintiffs' Complaint and therefore denies the same.

62.     Ms. Davis denies any allegations stated against her in Paragraph 62 of Plaintiffs' Complaint.  Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 62 and therefore denies the same.

63.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of Plaintiffs' Complaint and therefore denies the same.

64.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of Plaintiffs' Complaint and therefore denies the same.

65.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of Plaintiffs' Complaint and therefore denies the same.

66.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of Plaintiffs' Complaint and therefore denies the same.

67.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of Plaintiffs' Complaint and therefore denies the same.

68.     Ms. Davis admits that she examined Mr. Corcoran on November 9, 2019.  Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 68 of Plaintiffs' Complaint and therefore denies the same.

69.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of Plaintiffs' Complaint and therefore denies the same.

70.     Ms. Davis denies any allegations stated against her in Paragraph 70 of Plaintiffs' Complaint.  Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 70 and therefore denies the same.

71.     Ms. Davis denies any allegations stated against her in Paragraph 71 of Plaintiffs' Complaint.  Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 71 and therefore denies the same.

72.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of Plaintiffs' Complaint and therefore denies the same.

73.    Ms. Davis admits on November 9, 2019 she completed the Medical Unit Sheltered Housing Order Form.  Ms. Davis denies any remaining allegations contained in Paragraph 73 of Plaintiffs' Complaint.

74.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of Plaintiffs' Complaint and therefore denies the same.

75.    Ms. Davis denies any allegations stated against her in Paragraph 75 of Plaintiffs' Complaint.  Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 75 and therefore denies the same.

76.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of Plaintiffs' Complaint and therefore denies the same.

77.    Ms. Davis denies any allegations stated against her in Paragraph 77 of Plaintiffs' Complaint.  Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 77 and therefore denies the same.

78.    Ms. Davis denies any allegations stated against her in Paragraph 78 of Plaintiffs' Complaint.  Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 78 and therefore denies the same.

79.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of Plaintiffs' Complaint and therefore denies the same.

80.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of Plaintiffs' Complaint and therefore denies the same.

81.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of Plaintiffs' Complaint and therefore denies the same.

82.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of Plaintiffs' Complaint and therefore denies the same.

83.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of Plaintiffs' Complaint and therefore denies the same.

84.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of Plaintiffs' Complaint and therefore denies the same.

85.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of Plaintiffs' Complaint and therefore denies the same.

86.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of Plaintiffs' Complaint and therefore denies the same.

87.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of Plaintiffs' Complaint and therefore denies the same.

88.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of Plaintiffs' Complaint and therefore denies the same.

89.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of Plaintiffs' Complaint and therefore denies the same.

90.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of Plaintiffs' Complaint and therefore denies the same.

91.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of Plaintiffs' Complaint and therefore denies the same.

92.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of Plaintiffs' Complaint and therefore denies the same.

93.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of Plaintiffs' Complaint and therefore denies the same.

94.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of Plaintiffs' Complaint and therefore denies the same.

95.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of Plaintiffs' Complaint and therefore denies the same.

96.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of Plaintiffs' Complaint and therefore denies the same.

97.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of Plaintiffs' Complaint and therefore denies the same.

98.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of Plaintiffs' Complaint and therefore denies the same.

99.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of Plaintiffs' Complaint and therefore denies the same.

100.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of Plaintiffs' Complaint and therefore denies the same.

101.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of Plaintiffs' Complaint and therefore denies the same.

102.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of Plaintiffs' Complaint and therefore denies the same.

103.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of Plaintiffs' Complaint and therefore denies the same.

104.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of Plaintiffs' Complaint and therefore denies the same.

105.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of Plaintiffs' Complaint and therefore denies the same.

106.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of Plaintiffs' Complaint and therefore denies the same.

107.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of Plaintiffs' Complaint and therefore denies the same.

108.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of Plaintiffs' Complaint and therefore denies the same.

109.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of Plaintiffs' Complaint and therefore denies the same.

110.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of Plaintiffs' Complaint and therefore denies the same.

111.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of Plaintiffs' Complaint and therefore denies the same.

112.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of Plaintiffs' Complaint and therefore denies the same.

113.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of Plaintiffs' Complaint and therefore denies the same.

114.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of Plaintiffs' Complaint and therefore denies the same.

115.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of Plaintiffs' Complaint and therefore denies the same.

116.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of Plaintiffs' Complaint and therefore denies the same.

117.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of Plaintiffs' Complaint and therefore denies the same.

118.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of Plaintiffs' Complaint and therefore denies the same.

119.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of Plaintiffs' Complaint and therefore denies the same.

120.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of Plaintiffs' Complaint and therefore denies the same.

121.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of Plaintiffs' Complaint and therefore denies the same.

122.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of Plaintiffs' Complaint and therefore denies the same.

123.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of Plaintiffs' Complaint and therefore denies the same.

124.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of Plaintiffs' Complaint and therefore denies the same.

125.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of Plaintiffs' Complaint and therefore denies the same.

126.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of Plaintiffs' Complaint and therefore denies the same.

127.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of Plaintiffs' Complaint and therefore denies the same.

128.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of Plaintiffs' Complaint and therefore denies the same.

129.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of Plaintiffs' Complaint and therefore denies the same.

130.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of Plaintiffs' Complaint and therefore denies the same.

131.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of Plaintiffs' Complaint and therefore denies the same.

132.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of Plaintiffs' Complaint and therefore denies the same.

133.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of Plaintiffs' Complaint and therefore denies the same.

134.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of Plaintiffs' Complaint and therefore denies the same.

135.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of Plaintiffs' Complaint and therefore denies the same.

136.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 of Plaintiffs' Complaint and therefore denies the same.

137.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of Plaintiffs' Complaint and therefore denies the same.

138.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of Plaintiffs' Complaint and therefore denies the same.

139.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of Plaintiffs' Complaint and therefore denies the same.

140.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of Plaintiffs' Complaint and therefore denies the same.

141.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of Plaintiffs' Complaint and therefore denies the same.

142.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 of Plaintiffs' Complaint and therefore denies the same.

143.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 of Plaintiffs' Complaint and therefore denies the same.

144.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 of Plaintiffs' Complaint and therefore denies the same.

145.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of Plaintiffs' Complaint and therefore denies the same.

146.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 of Plaintiffs' Complaint and therefore denies the same.

147.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 of Plaintiffs' Complaint and therefore denies the same.

148.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 of Plaintiffs' Complaint and therefore denies the same.

149.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 of Plaintiffs' Complaint and therefore denies the same.

150.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 of Plaintiffs' Complaint and therefore denies the same.

151.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 of Plaintiffs' Complaint and therefore denies the same.

152.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 of Plaintiffs' Complaint and therefore denies the same.

153.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 of Plaintiffs' Complaint and therefore denies the same.

154.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154 of Plaintiffs' Complaint and therefore denies the same.

155.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 of Plaintiffs' Complaint and therefore denies the same.

## COUNT I
**Plaintiffs' Claim Against Individual Defendants Rojas, Padilla, Trujillo, G. Gallegos, Ortega, C. Gallegos, B. Atencio, Olivares, Manzanares, Davis, Mares, and "Judy" Under 42 U.S.C. § 1983, for violations of Rex's Eighth or Fourteenth Amendment Rights**

156.    Ms. Davis incorporates her preceding answers as though fully set forth herein.

157.    The statement contained in Paragraph 157 of Plaintiffs' Complaint is an assertion of law rather than a factual allegation requiring a response. To the extent that Paragraph 157 asserts any allegations against Ms. Davis, those are denied.

158.    Ms. Davis denies any allegations of negligence and denies causing or contributing to cause any alleged injury or harm stated against her in Paragraph 158 of Plaintiffs' Complaint. Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 158 of Plaintiffs' Complaint and therefore denies the same.

159.    Ms. Davis denies any allegations of negligence and denies causing or contributing to cause any alleged injury or harm stated against her in Paragraph 159 of Plaintiffs' Complaint. Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 159 of Plaintiffs' Complaint and therefore denies the same.

160.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 of Plaintiffs' Complaint and therefore denies the same.

161.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 of Plaintiffs' Complaint and therefore denies the same.

162.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 of Plaintiffs' Complaint and therefore denies the same.

163.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 of Plaintiffs' Complaint and therefore denies the same.

164.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164 of Plaintiffs' Complaint and therefore denies the same.

165.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 of Plaintiffs' Complaint and therefore denies the same.

166.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 of Plaintiffs' Complaint and therefore denies the same.

167.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167 of Plaintiffs' Complaint and therefore denies the same.

168.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 of Plaintiffs' Complaint and therefore denies the same.

169.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169 of Plaintiffs' Complaint and therefore denies the same.

170.     Ms. Davis denies any allegations of negligence and denies causing or contributing to cause any alleged injury or harm stated against her in Paragraph 170 of Plaintiffs' Complaint. Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 170 of Plaintiffs' Complaint and therefore denies the same.

171.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 of Plaintiffs' Complaint and therefore denies the same.

172.     Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172 of Plaintiffs' Complaint and therefore denies the same.

173.     Ms. Davis denies any allegations of negligence and denies causing or contributing to cause any alleged injury or harm stated against her in Paragraph 173 of Plaintiffs' Complaint. Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 173 of Plaintiffs' Complaint and therefore denies the same.

## COUNT II
### Plaintiffs' Claim Against Defendants Williams and Santa Fe County
### Under 42 U.S.C. § 1983, for Violation of Plaintiffs' First Amendment Rights

174.     Ms. Davis incorporates her preceding answers as though fully set forth herein.

175.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 of Plaintiffs' Complaint and therefore denies the same.

176.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 of Plaintiffs' Complaint and therefore denies the same.

177.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 of Plaintiffs' Complaint and therefore denies the same.

178.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178 of Plaintiffs' Complaint and therefore denies the same.

179.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179 of Plaintiffs' Complaint and therefore denies the same.

### COUNT III
**Plaintiffs' Claim Against Defendant Santa Fe County**
**Under 42 U.S.C. § 1983 for Violation of Rex's First Amendment,**
**Eighth Amendment, and Fourteenth Amendment Due Process Rights**

180.    Ms. Davis incorporates her preceding answers as though fully set forth herein.

181.    The statement contained in Paragraph 181 of Plaintiffs' Complaint is an assertion of law rather than a factual allegation requiring a response. To the extent that Paragraph 181 asserts any allegations against Ms. Davis, those are denied.

182.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 of Plaintiffs' Complaint and therefore denies the same.

183.    Ms. Davis denies any allegations of negligence and denies causing or contributing to cause any alleged injury or harm stated against her in Paragraph 183 of Plaintiffs' Complaint. Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 183 of Plaintiffs' Complaint and therefore denies the same.

184.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 184 of Plaintiffs' Complaint and therefore denies the same.

185.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185 of Plaintiffs' Complaint and therefore denies the same.

186.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186 of Plaintiffs' Complaint and therefore denies the same.

187.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187 of Plaintiffs' Complaint and therefore denies the same.

188.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 of Plaintiffs' Complaint and therefore denies the same.

189.   Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189 of Plaintiffs' Complaint and therefore denies the same.

190.   Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190 of Plaintiffs' Complaint and therefore denies the same.

191.   Ms. Davis denies any allegations of negligence and denies causing or contributing to cause any alleged injury or harm stated against her in Paragraph 191 of Plaintiffs' Complaint. Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 191 of Plaintiffs' Complaint and therefore denies the same.

## COUNT IV
### Plaintiffs' Claims Against All Defendants Under the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-6 and 41-4-9

192.   Ms. Davis incorporates her preceding answers as though fully set forth herein.

193.   Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 of Plaintiffs' Complaint and therefore denies the same.

194.   Ms. Davis denies that she was an employee of Santa Fe County.  Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 194 of Plaintiffs' Complaint and therefore denies the same.

195.   The statement contained in Paragraph 195 of Plaintiffs' Complaint is an assertion of law rather than a factual allegation requiring a response. To the extent that Paragraph 195 of Plaintiffs' Complaint asserts any allegations against Ms. Davis, those are denied.

196.    The statement contained in Paragraph 196 of Plaintiffs' Complaint is an assertion of law rather than a factual allegation requiring a response. To the extent that Paragraph 196 of Plaintiffs' Complaint asserts any allegations against Ms. Davis, those are denied.

197.    The statement contained in Paragraph 197 of Plaintiffs' Complaint is an assertion of law rather than a factual allegation requiring a response. To the extent that Paragraph 197 of Plaintiffs' Complaint asserts any allegations against Ms. Davis, those are denied.

198.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198 of Plaintiffs' Complaint and therefore denies the same.

199.    The statement contained in Paragraph 199 of Plaintiffs' Complaint is an assertion of law rather than a factual allegation requiring a response. To the extent that Paragraph 199 of Plaintiffs' Complaint asserts any allegations against Ms. Davis, those are denied.

200.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 200 of Plaintiffs' Complaint and therefore denies the same.

201.    Ms. Davis admits that she owes her patients a duty of reasonable care.  Ms. Davis denies any additional allegations contained in Paragraph 201 of Plaintiffs' Complaint.

202.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202 of Plaintiffs' Complaint and therefore denies the same.

203.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 of Plaintiffs' Complaint and therefore denies the same.

204.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204 of Plaintiffs' Complaint and therefore denies the same.

205.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205 of Plaintiffs' Complaint and therefore denies the same.

206.    Ms. Davis denies any allegations of negligence and denies causing or contributing to cause any alleged injury or harm stated against her in Paragraph 206 of Plaintiffs' Complaint. Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 206 of Plaintiffs' Complaint and therefore denies the same.

207.    Ms. Davis denies any allegations of negligence and denies causing or contributing to cause any alleged injury or harm stated against her in Paragraph 207 of Plaintiffs' Complaint. Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 207 of Plaintiffs' Complaint and therefore denies the same.

208.    Ms. Davis denies any allegations of negligence and denies causing or contributing to cause any alleged injury or harm stated against her in Paragraph 208 of Plaintiffs' Complaint. Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 208 of Plaintiffs' Complaint and therefore denies the same.

209.    Ms. Davis denies any allegations of negligence and denies causing or contributing to cause any alleged injury or harm stated against her in Paragraph 209 of Plaintiffs' Complaint.

Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 209 of Plaintiffs' Complaint and therefore denies the same.

210.    Ms. Davis denies any allegations of negligence and denies causing or contributing to cause any alleged injury or harm stated against her in Paragraph 210 of Plaintiffs' Complaint. Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 210 of Plaintiffs' Complaint and therefore denies the same.

211.    Ms. Davis denies any allegations of negligence and denies causing or contributing to cause any alleged injury or harm stated against her in Paragraph 211 of Plaintiffs' Complaint. Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 211 of Plaintiffs' Complaint and therefore denies the same.

## COUNT V
### Plaintiffs' Claims Against Defendants Williams, Rojas, Padilla, Trujillo, G. Gallegos, Ortega, C. Gallegos, Atencio, and Santa Fe County for Violations of the New Mexico Tort Claims Act, NMSA 1978 § 41-4-12

212.    Ms. Davis incorporates her answers to the preceding paragraphs as though fully set forth herein.

213.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 213 of Plaintiffs' Complaint and therefore denies the same.

214.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 214 of Plaintiffs' Complaint and therefore denies the same.

215.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 215 of Plaintiffs' Complaint and therefore denies the same.

216.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 216 of Plaintiffs' Complaint and therefore denies the same.

217.    Ms. Davis denies any allegations of negligence and denies causing or contributing to cause any alleged injury or harm stated against her in Paragraph 217 of Plaintiffs' Complaint. Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 217 of Plaintiffs' Complaint and therefore denies the same.

218.    Ms. Davis denies any allegations of negligence and denies causing or contributing to cause any alleged injury or harm stated against her in Paragraph 218 of Plaintiffs' Complaint. Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 218 of Plaintiffs' Complaint and therefore denies the same.

## COUNT VI
**Plaintiff Schmitt's Claims for Loss of Consortium Against All Defendants**

219.    Ms. Davis incorporates her answers to the preceding paragraphs as though fully set forth herein.

220.    Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 220 of Plaintiffs' Complaint and therefore denies the same.

221.    The statement contained in Paragraph 221 of Plaintiffs' Complaint is an assertion of law rather than a factual allegation requiring a response. To the extent that Paragraph 221 asserts any allegations against Ms. Chavira, those are denied.

222.    Ms. Davis denies any allegations of negligence and denies causing or contributing to cause any alleged injury or harm stated against her in Paragraph 222 of Plaintiffs' Complaint. Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 222 of Plaintiffs' Complaint and therefore denies the same.

223.    Ms. Davis denies any allegations of negligence and denies causing or contributing to cause any alleged injury or harm stated against her in Paragraph 223 of Plaintiffs' Complaint. Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 223 of Plaintiffs' Complaint and therefore denies the same.

224.    Ms. Davis denies any allegations of negligence and denies causing or contributing to cause any alleged injury or harm stated against her in Paragraph 224 of Plaintiffs' Complaint. Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 224 of Plaintiffs' Complaint and therefore denies the same.

**PRAYER FOR RELIEF**

225.    Ms. Davis incorporates her answers to the preceding paragraphs as though fully set forth herein.

226.    Ms. Davis denies any allegations of negligence and denies causing or contributing to cause any alleged injury or harm stated against her in Paragraph 226 of Plaintiffs' Complaint.

Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 226 of Plaintiffs' Complaint and therefore denies the same.

227.    Ms. Davis denies any allegations of negligence and denies causing or contributing to cause any alleged injury or harm stated against her in Paragraph 227 of Plaintiffs' Complaint. Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 227 of Plaintiffs' Complaint and therefore denies the same.

228.    Ms. Davis denies any allegations of negligence and denies causing or contributing to cause any alleged injury or harm stated against her in Paragraph 228 of Plaintiffs' Complaint. Ms. Davis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 228 of Plaintiffs' Complaint and therefore denies the same.

229.    The statement contained in Paragraph 229 of Plaintiffs' Complaint is an assertion of law rather than a factual allegation requiring a response.  To the extent that Paragraph 229 asserts any allegations against Ms. Davis, those are denied.

230.    Ms. Davis requests a trial by jury.

231.    Ms. Davis denies any allegation not specifically admitted herein.

## ADDITIONAL AND/OR AFFIRMATIVE DEFENSES

1.    Plaintiffs' Complaint in whole or in part, as alleged against Ms. Davis, fails to state claims upon which relief may be granted.

2.    Ms. Davis is subject to the provisions and protections of the New Mexico Tort Claims Act and the protections and limitations of that Act, as she was acting under the color of

state law.  The claims against Ms. Davis is barred by the Notice Provisions, Statute of Limitations, and potentially other provisions of the New Mexico Tort Claims Act.

3.    Pursuant to the allegations and the facts available, along with applicable law, a claim for punitive damages fails to state a claim upon which relief may be granted and is not supported by sufficient fact or inference and is not supported in law.

4.    Any claim for punitive damages is barred by or limited by the New Mexico Tort Claims Act.

5.    Plaintiffs' claim for punitive damages is barred by the Constitution of the United States of America as well as the Constitution of the State of New Mexico. Under the facts of this case, a demand for punitive damages is not justified, and an award of punitive damages would constitute a denial of equal protection, a denial of due process, and/or the imposition of an excessive fine.

6.    Ms. Davis denies any allegations of negligence attributed to her as alleged or may be alleged in Plaintiffs' Complaint. If it is determined that Ms. Davis is liable to Plaintiff – which is expressly denied – the claims against Ms. Davis must be reduced to the extent of the comparative fault, if any, of Plaintiffs and the comparative fault, if any, of any and all others whose negligence or wrongful conduct contributed to or caused the damages of which Plaintiffs complains.

7.    Plaintiffs' claims are barred to the extent that the injuries and damages complained of were caused or contributed to by the negligence or fault of others, including the Plaintiffs, for which Ms. Davis is neither liable nor responsible.

8.    Plaintiffs' claims are barred to the extent that she failed to mitigate their damages.

9.    Plaintiffs have otherwise failed to state claims upon which relief may be granted.

10.    Ms. Davis is not knowingly or intentionally waiving any additional defenses she may be entitled to, and therefore, reserves the right to assert additional defenses as they may become available.

**WHEREFORE,** Terry Davis, R.N. respectfully requests that Plaintiffs' Complaint be dismissed with prejudice, or, in the alternative, the Court enter judgment in her favor on the pleadings and enter judgment in her favor; and for an award of her recoverable costs including such other and further relief as the Court may deem just and proper.

Respectfully submitted,

MILLER STRATVERT P.A.

By: */s/ Matthew S. Rappaport*
    Matthew Rappaport
    P.O. Box 25687
    Albuquerque, New Mexico 87125
    Telephone: (505) 842-1950
    Facsimile: (505) 243-4408
    Email: mrappaport@mstlaw.com
    *Attorneys for Defendant Terry Davis, R.N.*

I HEREBY CERTIFY that on the 30th day of June, 2022, the foregoing pleading was electronically filed though the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

ROTHSTEIN DONATELLI LLP
Mark H. Donatelli
Caroline "KC" Manierre
Post Office Box 8180
Santa Fe, New Mexico 87504-8180
mhd@rothsteinlaw.com
cmanierre@rothsteinlaw.com

and

Carolyn M. "Cammie" Nichols
500 4th Street N.W., Suite 400
Albuquerque, New Mexico 87102
cmnichols@rothsteinlaw.com
*Attorneys for Plaintiffs*


By: */s/ Matthew S. Rappaport*
     Matthew Rappaport

\\abq-tamarack\prodata\014857-052549\pleadings\4639544.docx